UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DARLENA DOUGLAS,<br><br>        Plaintiff,<br><br>vs.<br><br>WAL-MART STORES, INC.,<br><br>        Defendant. | 3:16-cv-00563-RCJ-VPC<br><br>**ORDER** |

This case arises out of alleged workplace discrimination. Pending before the Court is a Motion to Dismiss or for a More Definite Statement (ECF No. 8).

## I.    FACTS AND PROCEDURAL HISTORY

Plaintiff Darlena Douglas was employed by Defendant Wal-Mart Stores, Inc. at one of Defendant's stores in Washoe County, Nevada from January 2012 until she was terminated or resigned on an unspecified date. (*See* Compl. ¶¶ 1, 8, ECF No. 1). Plaintiff has sued Defendant in this Court for: (1) "Gender/Pregnancy Discrimination/Hostile Work Environment"; (2) Pregnancy Discrimination; (3) Retaliation; and (4) FMLA Retaliation. Defendant has moved to dismiss for failure to state a claim or for a more definite statement.

## II.    LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

    A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable cause of action (*Conley* review), but also must allege the facts of his case so that the court can determine whether the plaintiff has any basis for relief under the cause of action he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review).  Put

differently, *Conley* only required a plaintiff to identify a major premise (a cause of action), but *Twombly* and *Iqbal* require a plaintiff also to allege minor premises (facts of the plaintiff's case) such that the syllogism showing liability is logically complete and that liability necessarily, not only possibly, follows (assuming the allegations are true).  Also, if a complaint is so vague or ambiguous that the defendant cannot reasonably prepare a response, the court may order the plaintiff to make a more definite statement. Fed. R. Civ. P. 12(e).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

## III.   ANALYSIS

Although the claims may be pled in an overlapping fashion, the Court finds that the factual allegations and legal theories are not so intractably pled so as to require a more definite

statement. Defendant has sufficiently presented its defense of failure to state a claim based on the Complaint as pled.

The Court grants the motion to dismiss in part, with leave to amend, as to the first cause of action insofar as it is directed to discrimination on the basis of sex as such, i.e., the fact that Plaintiff is a woman. Plaintiff's allegations do not imply any discrimination on the basis of sex as such, but only on the basis of pregnancy. (*See* Compl. ¶ 10 ("Defendant demoted Plaintiff from the position of OTC Manager to Retail Associate because she was pregnant [when she failed to step down from that position.]")). Discrimination on the basis of pregnancy is unlawful under 42 U.S.C. § 2000e-2(a) because Title VII defines pregnancy discrimination as a type of "sex" discrimination. *See id.* § 2000e(k). Plaintiff has separately alleged pregnancy discrimination under the second cause of action.

Next, the first cause of action does not state a claim for a hostile workplace environment ("HWE"). "When the workplace is permeated with 'discriminatory intimidation, ridicule, and insult,' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment,' Title VII is violated." *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (citations omitted). A Title VII offense requires more than "mere utterance of an . . . epithet" causing offensive feelings but does not require an environment so severe as to cause a nervous breakdown. *Id.* at 21–22. The conduct must be severe or pervasive enough that a reasonable person would consider it hostile or abusive. *Id.* at 21.

> [W]hether an environment is "hostile" or "abusive" can be determined only by looking at all the circumstances. These may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance. The effect on the employee's psychological well-being is, of course, relevant to determining whether the plaintiff actually found the environment abusive. But while psychological harm, like any other relevant factor, may be taken into account, no single factor is required.

*Id.* at 23. Plaintiff's HWE allegations consist of "insulting and disparaging remarks, directly related to Plaintiff's pregnancy," with only one example, i.e., "you are so lazy—if you'd around [sic] a little bit it [pain relating to pregnancy] wouldn't be so bad." (Compl. ¶ 10). She also alleges she was given "difficult tasks, such as climbing ladders and lifting heavy boxes" and that she was not allowed to have water with her while working on the floor." (*Id.*). Although one or several comments of this magnitude are probably not sufficient alone, the allegations of being assigned additional physical work because of her pregnancy would probably suffice. However, Plaintiff only alleges that she was assigned to lift boxes and climb ladders and that she was not allowed to have water on the sales floor. She has not alleged these conditions would not have existed if she were not pregnant.

Next, Plaintiff has not sufficiently pled Title VII retaliation. She alleges she was demoted based on her pregnancy, not because of any protected activity. (*See id.*). Such an allegation might be implied, because Plaintiff alleges she complained about her supervisor's pregnancy-based harassment as early as January 2013, but Plaintiff does not allege who made the decision to demote her or when that decision was made, so a causal nexus has not been sufficiently alleged. Plaintiff has conceded that the claim of FMLA retaliation is time barred.

In summary, the Court dismisses the first cause of action, with leave to amend as to sex discrimination and a HWE. If Plaintiff wishes to amend either of those claims, she should plead them as separate causes of action in an amended complaint. The Court will not dismiss the second cause of action for pregnancy discrimination. The Court dismisses the third and fourth causes of action for retaliation under Title VII and the FMLA, respectively, with leave to amend the former claim.

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 8) is GRANTED IN PART, with leave to amend in part, and DENIED IN PART.  Plaintiff may amend within twenty-one (21) days of this Order.

IT IS SO ORDERED.

Dated January 4, 2017.

_____
ROBERT C. JONES
United States District Judge